**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF TENNESSEE
WESTERN DIVISION**

---

**ARNOLD ARMANDO ACOSTA AGUILAR**,

    *Petitioner*,

    v.                                Case No. 2:26-cv-02957-BCL-tmp

**WARDEN RICHARD PFIFER,**

    *Respondent*.

---

**ORDER DENYING PETITION FOR WRIT OF HABEAS CORPUS**

---

Petitioner Arnold Armando Acosta Aguilar has filed a Petition for Writ of Habeas challenging his immigration detention. Doc. 2 at 2. This Court ordered a response and further provided a window for Petitioner to file a reply to that response. Doc. 5. Petitioner has not filed a reply. For the reasons that follow, the Petition is **DENIED**.

Petitioner has failed to exhaust administrative remedies by not seeking a bond hearing before the immigration court. Doc. 2 at 2; Doc. 7 at 2.[1] Petitioner is effectively asking this Court to step in in the first instance, bypassing the Immigration Judge and the Board of Immigration Appeals entirely. Doc. 2. That is inappropriate—particularly where, as here, the petition was filed after the Sixth Circuit held in *Lopez-Campos v. Raycraft*, 175 F.4th 713 (6th Cir. 2026), that some applicants are entitled to individualized bond hearings.

---

[1] At the close of his Petition, Petitioner states: "I requested a bond but they haven't answered me." Doc. 2 at 7. This is inconsistent with his statement, elsewhere in his Petition, that he did not seek an administrative remedy. Doc. 2 at 2. And Respondent has confirmed that Petitioner has not requested a bond hearing with the immigration court. Doc. 7 at 3. Petitioner did not reply to challenge that statement, despite being given leave to do so.

1

The Supreme Court "long has acknowledged the general rule that parties exhaust prescribed administrative remedies before seeking relief from the federal courts." *McCarthy v. Madigan*, 503 U.S. 140, 144 (1992). Exhaustion gives an agency "the opportunity to correct its own mistakes with respect to the programs it administers"; "discourages disregard of the agency's procedures"; promotes efficiency because "[c]laims generally can be resolved much more quickly and economically before an agency"; and "may produce a useful record for subsequent judicial consideration." *Woodford v. Ngo*, 548 U.S. 81, 89 (2006) (quotation marks and citations omitted). And the doctrine arguably helps to protect and promote the separation of powers, insofar as it leaves it to the Executive Branch to make the call in the first instance, without the Judicial Branch jumping in to dictate the results before the Executive has had an opportunity to reach a final decision on the Petitioner's claim through its own processes. *See Smith v. U.S. Sec. & Exch. Comm'n*, 178 F.4th 312, 325 (6th Cir. 2026) ("This rule is designed to afford the agency the opportunity to reconsider its position in the first instance, and to promote efficient litigation." (citing *Jones Bros., Inc. v. Sec'y of Lab.*, 898 F.3d 669, 673 (6th Cir. 2018))). Petitioner must file a bond motion with the immigration court, and exhaust his remedies there, before seeking judicial relief.

## CONCLUSION

Plaintiff's Petition for Writ of Habeas Corpus (Doc. 2) is **DENIED**.

**IT IS SO ORDERED**, this 13th day of August, 2026.

s/ *Brian C. Lea*
_____
BRIAN C. LEA
UNITED STATES DISTRICT JUDGE

2